**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DAVIDE G. COGGINS, 46170,**

                                **Plaintiff,**                      **13-CV-654S(Sr)**

**v.**

**JOSEPH A. GERACE, et al.,**

                                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #27.

Plaintiff, a state court pre-trial detainee currently held at the Chautauqua County Jail, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 alleging denial of adequate medical care and retaliation by prison officials for the filing of grievances. Dkt. #1. Currently before the Court are three separate motions to compel filed by defendant Roderic T. Hunt, P.A. (Dkt. #50), defendant Tammy Thayer, ANP (Dkt. #52) and defendants Joseph A. Gerace, James Crowell, Rick Eggleston, Dennis Mitchell, J. Grupa, K. Wielgasz, S. Garlic and M. Seeley (collectively the "Chautauqua County defendants") (Dkt. #66). Each of the motions seeks an Order precluding plaintiff from offering evidence at the time of trial as to any matters requested in all of the defendants' unanswered discovery demands. *See* Dkt. ##50, 52 and 66. Alternatively, each of the defendants seeks an Order compelling plaintiff to execute unaltered HIPAA-compliant authorizations to obtain plaintiff's medical and mental health records and to

provide the requisite Rule 26 initial disclosures, as well as complete responses to the requests for documents and interrogatories. For the following reasons, defendants' motions to compel are granted and defendants' motion to preclude are denied without prejudice.

## FACTS

Plaintiff, who suffers from Crohn's Disease and had undergone various surgeries to treat this disease prior to his incarceration, alleges that the defendants interfered with his medical treatment and were deliberately indifferent to his medical needs. Dkt. #1. Plaintiff further claims that, following the filing of grievances, defendants Crowell, Grupa, Wielgasz and Garlic engaged in various acts of retaliation, ranging from writing a false report to placing him in Administrative Segregation/Special Housing Unit. *Id*. Plaintiff commenced this *pro se* action on or about June 21, 2013. Defendants filed their respective Answers to the Complaint and this Court held a preliminary pretrial conference by telephone on December 3, 2013 and entered a Case Management Order that same day (Dkt. #30).

Thereafter, defendants each immediately filed their Rule 26 disclosures (Dkt. ##34-36) and filed various requests for the production of documents and interrogatories directed to plaintiff and relating to plaintiff's claims. As detailed in each of the instant motions, defendants also supplied plaintiff with multiple HIPAA-compliant authorizations for the release of plaintiff's medical, mental health and disciplinary records from, including but not limited, Chautauqua County Jail, UHS Binghamton

General Hospital, WCA Hospital, Arnot Ogden Medical Center, Great Meadow Correctional Facility, and Green Haven Correctional Facility.  With respect to the HIPAA-compliant authorizations supplied by defendants, plaintiff either failed to complete and return the authorizations or plaintiff made extensive alterations to the forms, limiting the extent of the authorizations and/or the time frames, such that the authorizations were rendered meaningless and unacceptable to the institutions.  As a result of plaintiff's conduct and refusal to appropriately engage in the discovery process, this case is at a virtual standstill.

## DISCUSSION AND ANALYSIS

Currently before the Court are defendants' motions to preclude or alternatively to compel plaintiff to supply his Rule 26 initial disclosures, respond to previously served discovery demands and to supply defendants with properly executed HIPAA-compliant authorizations.  See Dkt. ##50, 52 and 66.  There can be no dispute, by reason of the claims he has made against the defendants, plaintiff has squarely placed his medical conditions and medical treatment at the center of this action.  In addition, plaintiff alleges in his complaint, "Plaintiff suffers from Depression, has a prior suicide attempt on record, and is diagnosed with Impulse Control Disorder, Post Traumatic Stress Disorder and Disassociative Transe [sic] Disorder.  Due to the above listed conditions, Plaintiff is in need of continuous and, if need be, emergency mental health treatment.  It is a known fact that incarceration, especially when initially removed from "freedom" and taken away from family and friends and all outlets for emotional aid, can increase the levels of stress and anxiety to an overwhelming degree."  Dkt. #1,

¶¶118-119.  Plaintiff alleges that he repeatedly sought mental health treatment and was denied all access to mental health treatment.  *Id*. at ¶120.  Plaintiff has clearly placed his mental health diagnoses and treatment (or lack thereof) at issue in this matter.  Indeed, plaintiff is seeking compensatory damages for his "excessive and prolonged pain and suffering, mental anguish, anxiety, [and] stress."  Dkt. #1.

Where, as here, plaintiff has alleged claims asserting a denial of adequate medical care, plaintiff cannot expect to proceed with his claims without authorizing the disclosure of his medical records.  With respect to mental health records, under federal evidentiary law, confidential communications between a patient and a licensed mental health provider are protected from compelled disclosure.  *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *see von Bulow v. von Bulow*, 811 F.3d 136, 141 (2nd Cir. 1987) (in cases arising under federal law, privileges against disclosure are governed by principles of federal law). Courts may not subject a claim of psychotherapist-patient privilege to a balancing test and deny protection upon a determination that the evidentiary need for disclosure outweighs the patient's privacy interest, as such analysis "would eviscerate the effectiveness of the privilege."  *Id.* at 17-18.  As with any testimonial privilege, however, the protection may be waived.  *Id.* at 15 n.14.

Waiver may be express or it "may be implied in circumstances where it is called for in the interests of fairness"  where, for example, a party attempts to use the privilege as both a shield and a sword.  *Sims v. Blot*, 534 F.3d 117, 132 (2nd Cir. 2008).

"In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *Id., quoting In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). However, "the privilege is not overcome when the plaintiff's mental state is put in issue only by the defendant" nor is the privilege waived by allegations of "garden variety" emotional distress. *Id.* at 134, 141; *see Kunstler v. City of N.Y.*, No. 04CIV1145, 2006 WL 2516625, at *7 (S.D.N.Y. Aug. 29, 2006) (garden variety claims seek compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being victimized as alleged), *aff'd* 242 F.R.D. 261, 264 (S.D.N.Y. 2007). To breach the privilege whenever there is a possibility that the psychiatric records may be useful in testing the plaintiff's credibility or may have some other probative value would inject the balancing component foreclosed by *Jaffee* and disregard the principle that parties do not forfeit a privilege merely by taking a position that the evidence might contradict. *Sims*, 534 F.3d at 141.

   As plaintiff concedes that he is seeking recompense for more than garden variety emotional distress, his mental health records are discoverable. Accordingly, defendants' motions to compel are granted. Plaintiff shall immediately comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure and shall file and serve responses to defendants' outstanding discovery demands. Moreover, plaintiff shall execute authorizations permitting disclosure of all of his medical and mental health

records for two years preceding the allegations in this complaint, *to wit*, April 2011 until the filing of the instant complaint, June 2013.  Based on the foregoing, defendants' motions to preclude are denied without prejudice.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**October 23, 2014**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**