**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DAVIDE G. COGGINS,**

$\qquad\qquad\qquad$ **Plaintiff,**

$\qquad\qquad$ **-v-** $\qquad\qquad\qquad\qquad\qquad\qquad$ **13-CV-0654S(Sr)**

**JOSEPH A. GERACE, et al.,**

$\qquad\qquad\qquad$ **Defendants.**

---

## DECISION AND ORDER

$\qquad$ This case was referred to the undersigned by the Hon. William M. Skretny,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #27.


$\qquad$ Plaintiff, formerly a state court pre-trial detainee being held at the

Chautauqua County Jail, commenced this *pro se* action pursuant to 42 U.S.C. § 1983

alleging denial of adequate medical care and retaliation by prison officials for the filing of

grievances. Dkt. #1. Currently before the Court are three separate motions seeking an

Order precluding evidence at the time of trial as to any matters requested in all of

defendants' unanswered discovery demands filed by defendants Joseph A. Gerace,

James Crowell, Rick Eggleston, Dennis Mitchell, J. Grupa, K. Wielgasz, S. Garlic and

M. Seeley (collectively the "Chautauqua County defendants") (Dkt. #80), defendant

Tammy Thayer, ANP (Dkt. #81) and defendant Roderic T. Hunt, P.A. (Dkt. #83).

Alternatively, each of the motions seeks an Order compelling plaintiff to provide

complete responses to the requests for documents and interrogatories. For the following reasons, defendants' motions to preclude are denied and defendants' motions to compel are denied. This is the second set of motions to compel that this Court has considered. Indeed, one year ago, on October 24, 2014, this Court issued its Decision and Order granting defendants' motions to compel and denying defendants' motions to preclude without prejudice as they related to the defendants' document demands and interrogatories. Dkt. #73.

## **FACTS**

Plaintiff, who suffers from Crohn's Disease and had undergone various surgeries to treat this disease prior to his incarceration, alleges that the defendants interfered with his medical treatment and were deliberately indifferent to his medical needs. Dkt. #1. Plaintiff further claims that, following the filing of grievances, defendants Crowell, Grupa, Wielgasz and Garlic engaged in various acts of retaliation, ranging from writing a false report, to placing him in Administrative Segregation/Special Housing Unit. *Id.* Plaintiff commenced this *pro se* action on or about June 21, 2013. Defendants filed their respective Answers to the Complaint and this Court held a preliminary pretrial conference by telephone on December 3, 2013 and entered a Case Management Order that same day (Dkt. #30).

Thereafter, defendants each immediately filed their Rule 26 disclosures (Dkt. ##34-36) and filed various requests for the production of documents and interrogatories directed to plaintiff and relating to plaintiff's claims (Dkt. ## 32, 38, 39,

43, 45 and 47). As provided in its October 24, 2014 Decision and Order, this Court previously granted defendants' motions to compel discovery (Dkt. ##50, 52 and 66) and ordered plaintiff to execute authorizations permitting disclosure of all of his medical and mental health records for two years preceding the allegations in this complaint, *to wit*, April 2011 until the filing of the instant complaint, June 2013. Dkt. #73.  On or about December 8, 2014, plaintiff filed a single response to all of defendants' discovery requests.  Dkt. #77. Based on the representations made by defendants' counsel, plaintiff has provided fully-executed authorizations for the release of his medical and mental health records. As detailed in the defendants' motions, the defendants argue that the responses plaintiff has supplied are either incomplete or not responsive to the defendants' requests thereby necessitating the filing of the instant motions. *See* Dkt. ##80, 81 and 83.

## DISCUSSION AND ANALYSIS

Currently before the Court are defendants' motions to preclude or alternatively to compel plaintiff to supply his Rule 26 initial disclosures and respond to previously served discovery demands. *See* Dkt. ##80, 81 and 83. There can be no dispute, by reason of the claims he has made against the defendants, plaintiff has squarely placed his medical conditions and medical treatment at the center of this action. In addition, plaintiff alleges in his complaint, "Plaintiff suffers from Depression, has a prior suicide attempt on record, and is diagnosed with Impulse Control Disorder, Post Traumatic Stress Disorder and Disassociative Transe [sic] Disorder. Due to the above listed conditions, Plaintiff is in need of continuous and, if need be, emergency

3

mental health treatment. It is a known fact that incarceration, especially when initially

removed from "freedom" and taken away from family and friends and all outlets for

emotional aid, can increase the levels of stress and anxiety to an overwhelming

degree." Dkt. #1, ¶¶118-119. Plaintiff alleges that he repeatedly sought mental health

treatment and was denied all access to mental health treatment. *Id.* at ¶120. Plaintiff

has clearly placed his mental health diagnoses and treatment (or lack thereof) at issue

in this matter. Indeed, plaintiff is seeking compensatory damages for his "excessive and

prolonged pain and suffering, mental anguish, anxiety, [and] stress." Dkt. #1.

As plaintiff concedes that he is seeking recompense for more than garden

variety emotional distress, in addition to his medical treatment records, his mental

health records are also discoverable. Insofar as plaintiff submitted a single response to

the defendants' document demands and interrogatories (Dkt. #77) and further, that all

the documents demands and interrogatories seek similar, if not the same, documents

and information, the Court will address the defendants' requests collectively.

**Interrogatories**

In several interrogatories, all of the defendants request that plaintiff set

forth in detail all the injuries (both physical and/or emotional) for which he is seeking

damages in the instant complaint. Dkt. #38, ¶2; Dkt. #43, ¶1; Dkt. #45, ¶10. In his

consolidated response (Dkt. #77) to these requests, plaintiff stated, in part, "it is

impossible to state/discern what emotional/physical conditions/results emanating from

the abuses by the Defendants are of a permanent nature." Dkt. #77, p.2, ¶2. Counsel

for the defendants are reminded that plaintiff is proceeding *pro se*. Plaintiff commenced

this action by filing a detailed complaint, including allegations concerning his medical

conditions. Moreover, attached to plaintiff's complaint were a multitude of exhibits

totaling seventy-eight (78) pages. There is no dispute, defendants acknowledge that

they have received properly executed HIPAA-compliant medical and mental health

records authorizations from plaintiff. Accordingly, based on the foregoing, defendants

have access to more than sufficient documents relating to plaintiff's claims. Finally,

defendants are always free to notice the deposition of plaintiff and to pose this question

to plaintiff at that time. For the foregoing reasons, defendants' motions seeking an order

of preclusion or in the alternative to compel are denied.

Defendants next request plaintiff to identify each and every constitutional

right allegedly violated by defendants. Dkt. #38, ¶¶10-11; Dkt. #43, ¶2; Dkt. #45, ¶¶17-

18. In his consolidated response, the plaintiff stated, "the Constitutional rights violated

by the Defendants are the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the

United States Constitution." Dkt. #77, p.3, ¶10. Moreover, the plaintiff recited the

following list of defendants whom he alleges violated his Constitutional rights, "Joseph

A. Gerace, James Crowell, Dennis Mitchell, J. Grupa, F. Fuller, K. Wielgasz, Rick

Eggleston, Roderick T. Hunt, Tammy Thayer, M. Seeley, J. Steenburn, S. Brandt, S.

Garlic." Dkt. #77, p.3, ¶11. As a further response, plaintiff also cites to the allegations in

his complaint. Counsel for the defendants are once again reminded that plaintiff is

proceeding *pro se*. In addition and as set forth above, defendants have the option of

noticing the deposition of the plaintiff to attempt to obtain the requested information.  For

the foregoing reasons, defendants' requests for an order of preclusion or in the alternative to compel are denied.

With respect to the issue of damages, defendants request plaintiff to set forth in detail every item of relief sought in this action, including an itemized statement indicating the amount of damages sought in the complaint.  Dkt. #38, ¶¶14-15; Dkt. #43, ¶¶3-4; Dkt. #45, ¶¶19, 22-23.  In these interrogatories, defendants seek an itemized statement indicating the amount of damages sought and the basis upon which he claims he is entitled to damages for pain and mental anguish.  In response, plaintiff does supply an itemized statement of the damages sought and on that basis, defendants' request for an order of preclusion or in the alternative to compel is denied. Dkt. #77, pp.4-5. With respect to the interrogatory requesting plaintiff to set forth in detail the bases upon which plaintiff contends that he is entitled to damages for pain and mental anguish, plaintiff simply refers defendants to his complaint. Once again, counsel is reminded that plaintiff is proceeding *pro se* and that defendants are free to conduct the deposition of plaintiff at any time. Accordingly, defendants' motions with respect to these requests are denied.

The Chautauqua County defendants and defendant Tammy Thayer request plaintiff to identify all witnesses with discoverable knowledge of the facts relevant to this action. Dkt. #38, ¶¶1 and 13; Dkt. #45, ¶21. Contrary to defendants' motions, plaintiff did respond to this interrogatory. By their motions, the Chautauqua County defendants and defendant Thayer claim that plaintiff failed to respond to this

interrogatory. Dkt. #80-1. ¶16; Dkt. #81-1, ¶11. In his consolidated response, plaintiff states: "Due to the Defendants' refusal to provide the Plaintiff with the lists of personnel employed/housed within the Chautauqua County jail during his incarceration therein, the Plaintiff must state that in response to the Defendants' demand for a list of potential witnesses the Plaintiff states that all employees and inmates employed by/housed in the Chautauqua County Jail on or about April 17, 2013 through the date of the commencement of trial on this Complaint may possibly be a viable witness to the actions claimed within the Plaintiff's Complaint, as well as potentially all employees of the W.C.A. Hospital on or about the date of Plaintiff's emergency visit there." Dkt. #77, p.1, ¶1 and p.3, ¶ 13.

Counsel for the Chautauqua County defendants and defendant Thayer are reminded that plaintiff is proceeding *pro se*.  Plaintiff commenced this action by filing a detailed complaint against numerous defendants identified by name and position. Moreover, attached to plaintiff's complaint were seventy-eight (78) pages of exhibits. There is no dispute, defendants acknowledge that they have received properly executed HIPAA-compliant medical and mental health records authorizations.  Accordingly, based on the foregoing, defendants have access to more than sufficient documents to assist in identifying possible witnesses relative to this action. Finally, defendants are always free to notice the deposition of plaintiff and to pose this question to plaintiff at that time.  For the foregoing reasons, defendants' motions seeking and order of preclusion or in the alternative to compel are denied.

Many of the remaining interrogatories interposed by the Chautauqua County defendants and defendant Thayer relate to plaintiff's medical conditions, medical treatment sought, mental health diagnoses and treatment, including medications prescribed. Dkt. #38, ¶¶3-7; Dkt. #45, ¶¶1-3, 5, 11-15. By these interrogatories defendants request plaintiff to state the length of time and dates he was confined to a hospital, health care facility other than a hospital, a bed and/or his cell as a result of the incident. Defendants also seek the name and address of any such hospital and the dates of admission and discharge, the treatment received and any expenses. Moreover, defendants seek information concerning the names, address and specialty of health care practitioners who examined and treated plaintiff, mental health providers for the past fifteen (15) years and each and every medication plaintiff is presently taking or had previously taken.

As a threshold matter, this Court previously ordered that plaintiff execute authorizations permitting the disclosure of all of his medical and mental health records for two years preceding the allegations in the complaint, *to wit*, April 2011 until the filing of the instant complaint, June 2013. Dkt. #73, p.6. Accordingly, defendants have the ability to obtain copies of any and all treatment records for plaintiff. With respect to defendants' requests for the identity of all mental health care providers for the past fifteen years the Court finds this request to be overly broad and limits the disclosure to the same timeframe set forth in its previous Decision and Order (*see* Dkt. #73, p.6). With respect to names and addresses of health care practitioners, mental health care providers and each and every medication, those requests are denied insofar as that

information may be obtained from the medical records.  For the foregoing reasons, defendants' motions to preclude or in the alternative to compel are denied.

The Chautauqua County defendants and defendant Thayer request plaintiff to state whether he has ever made a claim for personal injury, other than in the present matter.  Dkt. #38, ¶8; Dkt. #45, ¶16.  Contrary to defendants' assertion, plaintiff did respond to this interrogatory request, wherein he stated that he has never made a prior claim for any incident of personal injury.  Based on the foregoing, defendants' requests to preclude or in the alternative to compel are denied.

The Chautauqua County defendants seek detailed information, including dates, times and courts, concerning plaintiff's criminal history.  In his response, plaintiff discloses that at the time of his response he was "currently being held on several felonies and is in the process of proving himself innocent of such during the ongoing trial." Dkt. #77, p.2, ¶9. In addition, plaintiff identifies three convictions that took place in 2006 and 2008 and specified the New York Penal Law section, a brief factual description of the incidents and the sentences imposed. Documents relating to plaintiff's criminal convictions, including his most recent conviction, are a matter of public record and as such, are available to defendants from sources other than plaintiff. In addition, defendants are free to conduct the deposition of plaintiff and to pose questions concerning his arrest and convictions to him directly. Accordingly, defendants' requests for preclusion or in the alternative to compel are denied.

In his response to defendants' inquiry concerning the identification of all complaints made by plaintiff in regards to his safety and welfare prior to the subject incident (Dkt. #38, ¶12; Dkt. #45, ¶20), the plaintiff advises that he is unable to give a detailed list of complaints prior to those listed in the complaint. Dkt. #77, ¶12. The Court notes that in addition to those complaints identified in the complaint and reflected in the attachments to the complaint, defendants have the option of conducting the deposition of the plaintiff and making a direct inquiry of plaintiff. Accordingly, defendants' requests for preclusion or in the alternative to compel are denied.

Lastly, defendant Thayer asks plaintiff to identify all documents plaintiff used to assist in providing the responses to the interrogatories, as well as the identity of every person who supplied him with information used by him in answering the interrogatories. Dkt. #45, ¶¶8-9. Although plaintiff did not specifically respond to these interrogatories in his consolidated response (Dkt. #77), the Court once again states that defendants are free to conduct the deposition of plaintiff and to pose those questions to him directly. Accordingly, defendant's motion to preclude or in the alternative compel is denied.

**Document Demands**

Defendant Thayer and defendant Hunt each request that plaintiff provide copies of each and every grievance form filed at the Chautauqua County Jail concerning his medical care, along with any responses and/or appeals. Dkt. #32, ¶1; Dkt. #47, ¶1. As a general matter, the Chautauqua County defendants and defendant

Thayer have requested any and all documents, including those relating to plaintiff's allegations and those documents plaintiff will rely on in support of his complaint. Dkt. #39, ¶¶1-4, 10 and 14; Dkt. #47, ¶¶ 10-11, 17 and 21. In his consolidated response, plaintiff states that because, in part, he is an indigent detainee, "it is impossible for [him] to locate the [requested] documents." Dkt. #77, p.6, ¶¶2-3. These document demands seek any and all documentary evidence relating to plaintiff's claims and the damages sought. As is evident from plaintiff's complaint and the attachments thereto, the Court anticipates that the proof offered in support of plaintiff's allegations will be principally, the plaintiff's own testimony, as well as medical records, grievances and related documents maintained by the Chautauqua County Jail. As set forth above, defendants acknowledge that they have received fully-executed authorizations to obtain plaintiff's medical and mental health records and therefore, have or will have access to those documents in advance of any trial. Moreover, as this Court has previously stated, defendants have the ability to conduct the deposition of the plaintiff and to date, have not done so. Accordingly, for the foregoing reasons, defendants' motions seeking preclusion or in the alternative to compel are denied.

Defendant Thayer and the Chautauqua County defendants seek the disclosure of any and all statements made by any of the defendants. Dkt. #39, ¶1; Dkt. #47, ¶9. Once again, plaintiff cites his status as an indigent detainee, as well as the "defendants' refusal to allow the Plaintiff the resources to research/locate the information/records needed to process the requests made upon him, it is impossible for the Plaintiff to locate the Statements demanded of the Plaintiff." Dkt. #77, ¶1. As set

forth above, the defendants may conduct the deposition of plaintiff and pose these questions to plaintiff in an attempt to gather the requested information.

In addition to the foregoing requests, the Chautauqua County defendants seek documents relating to the plaintiff's criminal history/convictions. Dkt. #39, ¶¶11-12. In response to this document demand concerning documents relating to plaintiff's criminal convictions, plaintiff states that he is unaware of further documentation concerning his criminal history. As stated above, documents and records relating to an individual's criminal history are publicly available and to the extent that defendants conclude that it is necessary to obtain such documents to defend this civil action, the defendants are free to attempt to obtain such records from sources other than the plaintiff. As such, defendants' motions with respect to this document demand are denied.

The defendants also seek any and all documents generated as a result of plaintiff's period of pre-trial detention at the Chautauqua County Jail, including any and all requests for medical treatment, communication with any defendants, the Department of Corrections and the New York State Attorney General's office. Any responsive documents would be in the custody and control of the Chautauqua County Jail and further, the Court notes that in connection with the discovery process, defendants Thayer and Hunt have each separately sought discovery from the Chautauqua County Jail. Accordingly, defendants either have independent access to the documents they

seek or are in a position to obtain the documents through other discovery tools,

therefore, defendants' motions to preclude or in the alternative to compel are denied.


       **SO ORDERED.**


**DATED:**      **Buffalo, New York**
                 **October 23, 2015**


                               ***s/ H. Kenneth Schroeder, Jr.***
                               **H. KENNETH SCHROEDER, JR.**
                               **United States Magistrate Judge**